IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JACQUELINE R. TANT                                                                PLAINTIFF

V.                          NO. 3:20CV00280 KGB-PSH

SOCIAL SECURITY ADMINISTRATION                                        DEFENDANT

RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I. **Introduction:**

Plaintiff, Jacqueline R. Tant, appears *pro se* in this matter. She applied for disability and disability insurance benefits and disabled widow's benefits on May 10, 2017, alleging disability beginning on December 13, 2014. (Tr. at 21). The applications were denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) issued a partially favorable decision.

Based on his review of the record as a whole, the ALJ determined that Ms. Tant was not disabled from the alleged onset date through August 4, 2017, but that she became disabled on that date. (Tr. at 22). The Appeals Council denied Ms. Tant's request for review of the ALJ's decision. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Tant has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. **The Commissioner's Decision:**

For a claimant to demonstrate that she is entitled to disabled widow's benefits, she must show that she has attained the age of 50, is unmarried, and has a disability that began before the end of the prescribed period.[1] (Tr. at 22); 20 C.F.R. § 404.335. Therefore, Ms. Tant must establish that her disability began on or before September 20, 2023 in order to be entitled to disabled window's benefits. *Id*.

The ALJ found that Ms. Tant met the insured status requirements for disability and disability insurance benefits through September 20, 2017. (Tr. at 23). He found that she is the unmarried widow of the deceased insured worker and has attained the age of 50, so she meets the requirement for disabled widow's benefits. *Id*. The ALJ determined that Ms. Tant has not engaged in substantial gainful activity since the

---

[1] The prescribed period for disabled widow's benefits ends with the month before the month in which the claimant attains the age of 60, or, if earlier, either 7 years after the worker's death or 7 years after the widow was last entitled to survivor's benefits, whichever is later. *Id*.

alleged onset date of December 13, 2014. (Tr. at 24). Since the alleged onset date, Ms. Tant had the following severe impairments: degenerative disc disease of the thoracic and lumbar spine, mycoplasma pneumonia, chronic obstructive pulmonary disease (COPD), obesity, remote compression fracture of the thoracic spine, and osteoarthritis. *Id*.

The ALJ next found that since December 13, 2014, Ms. Tant did not have an impairment or combination of impairments that meets or medically equals a Listing. *Id*. The ALJ determined that prior to August, 4, 2017, the date that Ms. Tant became disabled, she had the residual functional capacity (RFC) to perform work at the light exertional level, with additional limitations; (1) she can no more than occasionally stoop, kneel, crouch, or crawl; and (2) she must avoid concentrated exposure to temperature extremes, dust, fumes, humidity, or other pulmonary irritants. *Id*.

The ALJ then concluded that beginning on August 4, 2017, Ms. Tant had the RFC to perform sedentary exertional work, with the same additional limitations as noted above. (Tr. at 27). Prior to August 4, 2017, Ms. Tant was capable of performing past relevant work as a sales representative. (Tr. at 28). Beginning on August 4, 2017, Ms. Tant's RFC prevented her from performing past relevant work. (Tr. at 29).

The ALJ relied upon the testimony of a Vocational Expert (VE) to determine

that, based on her RFC, age, education, and work experience, Ms. Tant could perform substantial gainful activity in the national economy before August 4, 2017 (Tr. at 28-29). Therefore, the ALJ found that before August 4, 2017, Ms. Tant was not disabled. (Tr. at 28-30).

Based on VE testimony, the ALJ also found that Ms. Tant could not perform any substantial gainful activity in the national economy from August 4, 2017 through the date of his decision; thus she was disabled during that period. *Id*.

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.   Ms. Tant's Arguments on Appeal

Ms. Tant argues in her one-page brief that the RFC did not fully incorporate her limitations, and that lack of insurance prevented her from getting treatment, and if she had gotten treatment, it would have bolstered her claim. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits prior to August 4, 2017.

Ms. Tant's main complaints were back problems and COPD. A December 2014 thoracic MRI showed mild-to-moderate endplate wedge compression with no spinal stenosis. (Tr. at 504). While Ms. Tant complained of worsening back pain, at visits with her PCP in 2014, she was healthy appearing and had normal range of motion in her back. (Tr. at 510). In January 2015, she also had full range of motion. (Tr. at 1324).

Ms. Tant did not seek care for her back until two years later, in July 2017. (Tr. at 528). She alleged that a lack of insurance prevented her from obtaining treatment. However, there is no evidence that Ms. Tant sought to obtain low-cost or no-cost treatment. *Whitman v. Colvin*, 762 F.3d 701, 706 (8th Cir. 2014) (fact that claimant did not seek low-cost or no-cost treatment in the face of allegations she could not afford treatment is relevant to ALJ's consideration of her claim); *Murphy v. Sullivan*, 953 F.2d 383, 386-7 (8th Cir. 1992). Moreover, Ms. Tant's treatment was conservative for back pain, and she said that she was able to care for herself and her son, exercise, climb stairs without difficulty, and go to church. (Tr. at 25, 52-58, 528). Given the scant treatment record, conservative care, and ability to perform daily activities, it is fair to say that Ms. Tant's back condition was not disabling, and that the RFC for light work with some postural limitations was appropriate.[2]

---

[2] A claimant's RFC represents the most she can do despite the combined effects of all of her

As for breathing problems, physical examinations in December 2014 and January 2015 showed that Ms. Tant was able to breathe comfortably and was in no respiratory distress. (Tr. at 510, 1235-1242). She had normal chest flow and her lungs were clear. *Id*. A July 2017 chest x-ray was relatively normal. (Tr. at 604). She did quit smoking, which improved her condition. (Tr. at 28). But starting on August 4, 2017, her COPD worsened and required hospitalization, which is why the ALJ found her to be disabled from that date forward.

The ALJ properly considered the Disability Determination Services medical expert's opinion that Ms. Tant could perform light work with postural and environmental limitations. (Tr. at 22, 111-146). Considering that opinion, which was consistent with the medical record, along with Ms. Tant's hearing testimony and her subjective complaints, the ALJ determined that prior to August 4, 2017, Ms. Tant was not disabled. The Court finds no reason to disturb that decision.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Tant was not disabled before August 4, 2017. The RFC properly incorporated Ms.

---

credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Tant's credible limitations. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 30th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE